FILED
12/17/25 3:11 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAW ENFORCEMENT OFFICERS | ) | Case No. 24-70277-JAD |
| SECURITY UNION, | ) | Chapter 7 |
| | ) | Related to ECF No. 115 |
| Debtor. | ) | |
| _____ | x | |
| | ) | |
| UNITED FEDERATION LEOS- | ) | |
| PBA, et al., | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| ERIC E. BONONI, TRUSTEE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The matter before the Court is a *Motion to Enforce Settlement* filed by certain non-debtor parties (collectively, the "Movants"), seeking an order compelling the Chapter 7 Trustee to consummate a settlement (the "Settlement Agreement") reached during mediation, notwithstanding that the settlement has not been approved by this Court pursuant to Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 363(b)(1). See *Motion to Enforce Settlement* ¶¶ 16–20, ECF No. 115. The *Motion to Enforce Settlement* fails as a matter of law.

The Bankruptcy Code is not ambiguous on this point, nor is the controlling precedent of the United States Court of Appeals for the Third Circuit. A

1

bankruptcy trustee lacks authority to consummate, and a bankruptcy court lacks authority to compel, the enforcement of a settlement disposing of estate property outside the ordinary course of business absent court approval. Whatever equitable appeal the Movants' request may have, it finds no support in the statute Congress enacted or in the cases interpreting it.

## I.
## JURISDICTION AND BACKGROUND

This Court has jurisdiction under 28 U.S.C. § 1334 and authority to enter a final order under 28 U.S.C. § 157(b)(2). Venue is proper. The Debtor commenced this Chapter 7 case on July 8, 2024. *Motion to Enforce Settlement* ¶ 4, ECF No. 115. The Chapter 7 Trustee was appointed shortly thereafter. Id. ¶ 5.

Following court-ordered mediation conducted in September 2025, the Trustee and certain non-debtor parties negotiated a proposed Settlement Agreement resolving alleged estate causes of action. Id. ¶¶ 6–13. On October 7, 2025, the Trustee filed a motion seeking approval of the settlement pursuant to Federal Rule of Bankruptcy Procedure 9019. Id. ¶ 13. Before that motion was adjudicated, the Movants filed the present *Motion to Enforce Settlement*.

The Settlement Agreement itself expressly provides that it becomes "effective and binding" only upon entry of a final order of the Bankruptcy Court approving the settlement and conditions performance on that same event.

Settlement Agreement ¶ 10, Ex. A to *Motion to Enforce Settlement*, ECF No. 115.[1]

No such order has been entered.

## II.
## DISCUSSION

### A.
### *The Plain Language of the Code Forecloses Relief*

Analysis begins, and in this case ends, with the text of the Bankruptcy Code. Section 363(b)(1) provides that a trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate" only "after notice and a hearing." 11 U.S.C. § 363(b)(1). The Code does not say "after negotiation," "after mediation," or "after execution of an agreement." It says "after notice and a hearing." Courts are not free to revise that sequence.

Estate causes of action are property of the estate. 11 U.S.C. § 541(a). A trustee's agreement to settle such claims is a disposition of that property. That proposition is not debatable in this Circuit.

In Northview Motors, Inc. v. Chrysler Motors Corp., 186 F.3d 346 (3d Cir. 1999), the Third Circuit Court of Appeals held that agreeing to settle a lawsuit constitutes a sale of a claim, which is property of the estate, and therefore falls squarely within § 363(b)(1). Id. at 350. The court further held that a contract

---

[1] The *Motion to Enforce Settlement* gives the Court some pause in light of the fact that the Settlement Agreement is plainly not effective absent entry of an order approving the settlement, which has not occurred. The Court's pause is heightened by the absence in the motion of any discussion of binding Third Circuit precedent holding that a trustee's settlement of estate claims is unenforceable absent bankruptcy court approval. See In re Northview Motors, Inc. v. Chrysler Motors Corp., 186 F.3d 346, 350–51 (3d Cir. 1999).

providing for the use or sale of estate property outside the regular course of business is unenforceable absent court approval. Id.

That holding is categorical. It does not turn on the parties' intent, the fairness of the bargain, the presence of mediation, or the inconvenience of delay. Nor does it yield to policy arguments favoring settlement.

Indeed, the Third Circuit squarely rejected enforcement under these circumstances, holding that even assuming a settlement were effective upon execution, a trustee <u>cannot be compelled to consummate</u> the settlement absent bankruptcy court approval. Id. at 350-51.

### B.
### *The Plain Language of the Settlement Agreement Forecloses Relief*

Even if the Code and controlling precedent were silent, the Settlement Agreement would still defeat the Movants' request. The Agreement conditions its effectiveness and performance on entry of a final order approving the settlement. Settlement Agreement ¶10; see also id. ¶¶1,17 (which have conditions of bankruptcy court approval as well). Conditions, whether they be precedent or subsequent, mean what they say. Until satisfied, no enforceable obligation arises. Courts do not enforce contracts that the parties themselves have declared non-operative.

### C.
### *A Request to Enforce an Un-Approved Settlement Fails for Lack of Ripeness*

The Motion also suffers from a more fundamental defect: it is not ripe. Ripeness is a justiciability doctrine designed "to prevent the courts, through

4

premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (internal quotation omitted). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 294 (1997).

The enforceability of a settlement expressly conditioned on court approval is, by definition, contingent on an event that has not occurred. Until the Court rules on the pending Rule 9019 motion, there is no present controversy over enforcement. There is only a request that the Court skip a statutory step. That the Court may not do.

*D.*
*The Cases Cited by Movants Have No Application Sub Judice*
*and There is No Such Thing as a "Mediation Exception"*

The Court has reviewed the *Motion to Enforce Settlement* in its entirety, including all authorities cited. None authorizes consummation or specific performance of a trustee's unapproved settlement.

In re Turner, 274 B.R. 675 (Bankr. W.D. Pa. 2002), is not to the contrary. Turner did not involve an effort to compel consummation of a settlement prior to bankruptcy court approval. Rather, Turner addressed a distinct and narrower question: whether a non-estate party may withdraw or revoke a settlement offer after it has been accepted by a Chapter 7 trustee subject to court approval and which was promptly presented to the court for review. Turner correctly answered that question in the negative, holding that once the trustee accepts an offer—

5

subject only to bankruptcy court approval—the non-estate party is precluded from unilaterally withdrawing the agreement while the approval process is pending. Id. at 676–81. In that sense, Turner operates as an estoppel doctrine, holding parties in place long enough for the court to exercise its statutory role under Rule 9019.

Critically, however, Turner did not hold (and expressly could not hold) that a bankruptcy court may compel performance or consummation of a settlement prior to approval under 11 U.S.C. § 363(b)(1). To the contrary, Turner expressly recognized that the trustee's authority to settle estate claims is subject only to bankruptcy court approval. Id. at 679. Thus, Turner preserves the Court's gatekeeping role while preventing opportunistic withdrawal; it does not eliminate the requirement of approval or authorize enforcement in advance of it.

Likewise, cases applying state contract law principles or enforcing settlements outside bankruptcy are beside the point. Federal bankruptcy law, not state contract doctrine, governs the scope of a trustee's authority to dispose of estate property. In re Northview Motors, Inc., 186 F.3d at 350–51. Nor does the fact that the agreement was reached during court-ordered mediation alter the analysis. Mediation is a procedural aid, not a statutory substitute. Nothing in Rule 9019 or § 363 creates a "mediation exception."

### E.
### *The Trustee Has a Continuing Fiduciary Duty*

The Court adds one final observation. A Chapter 7 trustee is a fiduciary of the estate and its creditors. Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985). That fiduciary duty is continuing. The filing of a Rule

9019 motion does not freeze the trustee's judgment in time. If, after execution of a proposed settlement, the trustee obtains additional information, whether from third parties or further investigation, bearing on whether the compromise remains in the best interests of the estate, the trustee has both the authority and the duty to advise the Court. Rule 9019 presupposes informed judicial review, not ritualized approval.

### F.
### *No Hearing is Required on the Motion to Enforce and the Remaining Procedural Requests Shall be Denied*

The dispositive issues presented by the *Motion to Enforce Settlement* are purely legal, controlled by unambiguous statutory text and binding appellate precedent. No further hearing is required because, in rendering this decision, the Court has presumed that the facts pled by the Movants are true and the Court has <u>fully</u> considered the arguments presented. <u>See</u> 11 U.S.C. § 102(1); <u>See e.g</u>. <u>Cabral v. Shamban (In re Cabral)</u>, 285 B.R. 563, 576-77 (B.A.P. 1st Cir. 2002)(the bankruptcy court is authorized to determine contested matters on the pleadings and arguments of the parties, drawing necessary inferences from the record). The self-scheduled hearing on the *Motion to Enforce Settlement* shall therefore be cancelled.

The Movants also ask the Court to deny any future continuances of the Rule 9019 hearing on the Settlement Agreement. The Court will not enter a blanket prospective order eliminating the Court's discretion to manage its docket in light of future events not yet known. Accordingly, this request shall be denied.

## III
## CONCLUSION

For the reasons stated, the *Motion to Enforce Settlement* must be denied. The Bankruptcy Code requires that a trustee's proposed settlement of estate claims outside the ordinary course be approved by the Court before it may be enforced or consummated, and the Settlement Agreement here expressly conditions its effectiveness on such approval.

While parties to a settlement accepted by a trustee subject to court approval may be held in place during the pendency of the approval process and may not unilaterally withdraw or revoke their assent, that interim restraint does not render the settlement enforceable or authorize the Court to compel performance before approval. The purpose of maintaining the status quo is to preserve the Court's ability to conduct the review required by Rule 9019 and not to bypass it.

[Remainder of Page Intentionally Left Blank]

Until the Court either approves or denies the Settlement Agreement, the parties remain bound to await that determination, but no party may compel consummation. Accordingly, because the Settlement Agreement has not been approved, the *Motion to Enforce Settlement* is denied in its entirety.

Date: December 17, 2025

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

CASE ADMINISTRATOR TO SERVE:

Kirk Burkley, Esquire, counsel to the movants
Eric Bononi, Esquire, Chapter 7 Trustee
Scott Hare, Esquire, counsel to the Trustee
Brendan G. Best, Esquire, counsel to certain parties-in-interest
Maribeth Thomas, Esquire, counsel to certain parties-in-interest