IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Law Enforcement Officers Security Union,<br>Debtor(s) | Bankruptcy No. 24-70277-JAD<br><br>Chapter 7 |
| Eric E. Bononi, Trustee,<br>Movant<br>v.<br>Law Enforcement Officers Security Union and International Union, Security, Police and Fire Professionals of America<br>Respondent(s) | Document No.<br><br>Hearing Date & Time: Tuesday, February 24, 2026 at 10:00 AM |

**MOTION TO SELL PROPERTY FREE AND DIVESTED OF LIENS AND ENCUMBRANCES**

AND NOW, comes Eric E. Bononi, Trustee, by and through his attorney Bononi & Company, P.C., and files this Motion to Sell Property Free and Divested of Liens and Encumbrances, as follows:

1. The Bankruptcy Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and venue pursuant to 28 U.S.C. § 1409. This motion presents the core proceeding under 28 U.S.C. § 157. The Trustee has authority to file this motion and to sell the real and personal property free and divested of liens under 11 U.S.C. § 363(b) and (f).

2. On July 8, 2024, Debtor, Law Enforcement Officers Security Union ("LEOSU") filed a petition for relief under Chapter 7 of Title 11 United States Bankruptcy Code.

3. Movant was duly appointed Trustee and is now the acting and qualified Trustee in this case.

4. The estate has an interest in the following property which the trustee requests authority to sell to the International Union, Security, Police and Fire Professionals of America ("SPFPA"), subject to higher and better offers pursuant to 11 U.S.C. §363(b) and (f) (collectively, the "Property"):

   a. Any and all bankruptcy estate claims, rights of action, suits, and proceedings including those arising under 11 U.S.C. §§ 544-551 (including, without limitation, turnover, avoidance, recovery, and preservation remedies) as well as equitable, state and Federal common law theories or remedies (including but not limited to claims of alter ego, veil piercing, and substantive consolidation) (collectively, the "Causes of Action") against parties including but not limited to the following: Law Enforcement Officers Security Unions (LEOSU), Law Enforcement Officers Security &, Police Benevolent Association LEOS-PBA, United Federation LEOS-PBA, LEOS-PBA, PROA, NUSPO, UFSPSO, United Federation K9 Handlers, LEOSU-DC, LEOSU-VA, FPSOA, NUNSO, LEOSU-CA, SPSOA, PSONU, LEOSPU, United Federation LEOS-PBA Hawaii, Guam, Saipan, and American Samoa, Jean-Giles Brikener, Brik Unlimited LLC, Calvin Wells, Robert Sottilare, Steve Maritas and Thomas Ahrens, and all of their successors, operating units, assigns, affiliates, parents, subsidiaries, related entities and all of their respective past and/or present employees, supervisors, members, managers, shareholders, officers, directors,

agents, officials, insurers, attorneys, and/or any person or entity which can or could be held jointly and/or severally liable with any of them (the "Putative Defendants").

b. All books, records and all other documents of the Debtor in whatever format and wherever located.

c. All work product, forensic and other expert reports and all other documents in possession of Trustee and his counsel related to the debtor.

d. To the extent that attorney-client or other applicable privilege attach to any of the books and records, such privileges belong now to the Trustee, and the Trustee hereby expressly waives such privileges upon conveyance of the books and records to SPFPA.

e. SPFPA shall be permitted (but not required) to bring the Causes of Action in the Bankruptcy Court and is deemed to have standing to bring such claims in the Bankruptcy Court, it being understood and agreed that the Causes of Action will be pursued on behalf of the Estate and any net recoveries will be property of the Estate to be distributed in accordance with the priorities established in the Bankruptcy Code.

f. The Causes of Action include, without limitation, all rights, claims demands, actions, causes of actions, and/or claims for relief including those under Chapter 5 of the Bankruptcy Code that may be asserted by the Trustee, the Estate, or LEOSU, with the exception of any cash held by the Trustee.

g. The Trustee is selling the Property "AS IS" with all faults and WITHOUT WARRANTIES.

5. Trustee has determined the value of the Property to be no less than $140,000.00, based upon his investigation.

6. There are no secured liens against the Property listed on the claims register, Schedule D of the Debtor's schedules or otherwise to the knowledge of the Trustee.

7. The Trustee has received an offer to purchase the Property from the SPFPA (hereinafter "Purchaser") for a sale price of $145,000.00, free and clear of all liens and encumbrances and pursuant to the other terms as set forth in the purchase agreement attached hereto as **Exhibit 1** (the "Purchase Agreement").

8. Purchaser has been advised and the agreement itself acknowledges that this offer is subject to Bankruptcy Court approval. Notice to the Purchaser is hereby given that this is subject to advertising, and higher bids at the sale confirmation hearing (at which Purchaser may appear and bid). The Court will direct bidding procedure.

9. The Purchase Price (terms not defined herein have the meanings ascribed in the Purchase Agreement) being offered to the Trustee shall constitute the highest and best offer that the Trustee has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In Re Abbots Dairies of Pennsylvania, Inc.,* 788 F.2d 142 (3rd Cir. 1986).

10. The Trustee believes and therefore avers that the best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of the Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to any statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above.

11. The Property will be sold free and clear of any and all liens, claims, and/or encumbrances (judicial, statutory, and consensual), security interests, charges, and interests, including ownership interests, indentures, loan agreements, options, rights of refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or its property, of any kind or nature.

12. To assure that the sale is a sale for the market value of the Property, higher and/or better offers for said property will be accepted at the time of hearing on the sale of said Property (said higher offers being made in increments of $5,000.00 or as otherwise ordered by the Court), pursuant to §363(b), and the sale to the maker of the highest and best offer should be approved, authorized and confirmed.

13. The Trustee believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this Estate, and that a higher and better price would not be obtained through continued marketing of the Property.

14. In order to bid at the sale hearing, no later than 72 hours prior to the day and time of the sale hearing a prospective bidder must:

a. Make a qualified bid to the Trustee in an amount of at least $150,000.00 (a "Qualified Bid") for the Property under the same terms as the Purchaser, or, if different terms, under terms set forth in a red-line draft against the Purchase Agreement;

b. Deliver an earnest money deposit of $5,000.00 by cashier's or certified check (made payable to the Bankruptcy Estate of Law Enforcement Officers Security Union and to be held by Trustee's counsel pending further Court Order);

c. Provide evidence of his or her ability to pay the winning bid amount (at least in the amount of the Qualified Bid) at the time of closing, either in the form of a letter from a bank indicating that the proposed purchaser has the required funds on hand, a bank statement, or similar documentation acceptable to the Trustee;

15. In the event of the failure of the Purchaser (of winning bidder if not the Purchaser) to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in his sole and exclusive discretion, may accord to such party) the Trustee may, at his option, retain any deposit paid as forfeited, declare a default, and resell the Property to the next highest bidder, and so on, in order to liquidate the Property for the benefit of the Estate, in which case the Purchaser (or winning bidder if not the Purchaser) shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of the Order granting this Motion (the "Order").

16. An earnest money deposit of $5,000.00 by cashier's or certified check (made payable to the Trustee and to be held by Trustee's counsel pending further Court Order) is required and must be submitted to the Trustee no later than five (5) days prior to the hearing.

17. The closing by the successful bidder of the Property must be made in immediately available funds on or before ten (10) days of entry of the order approving the sale.

18. The successful bidder shall remove the acquired assets to the extent applicable within 30 days of entry of an order approving the sale.

19. The Trustee has not given nor been given any consideration for his agreement hereto except as herein set forth.

20. The proceeds of sale of the Property shall be used as follows, to wit:

a. To pay the costs of sale, specifically including but not limited to advertising, printing, mailing, and notice fees;

b. All remaining funds shall be held by the Trustee pending further Order of this Court.

21. Upon payment of the Purchase Price, Trustee shall promptly file a motion with the Court for approval of an interim distribution pursuant to 11 U.S.C. § 726 and Fed. R. Bankr. P. 3009.

22. This Motion for Sale has been listed on the court EASI website.

WHEREFORE, the Trustee requests the Court enter an order authorizing the sale of the Property on the terms and conditions stated herein, to allow higher and better offers and that all liens be divested and that this Court grant such other relief as is reasonable and just.

Respectfully submitted,

DATE: January 23, 2026

***/s/ Eric E. Bononi***

Prepared by:
Eric E. Bononi, Esq.

Eric E. Bononi, Esquire
20 N. Pennsylvania Ave, Suite 201
Greensburg, PA 15601-2337
bankruptcy@bononilaw.com
(724) 832-2499
PA ID# 44730