# EXHIBIT 1

## PURCHASE AGREEMENT

This Purchase Agreement (the "**Agreement**") is entered into as of the Effective Date (defined below) by and between the International Union, Security, Police and Fire Professionals of America (the "**SPFPA**") and Eric E. Bononi, Chapter 7 Trustee of Law Enforcement Officers Security Union (the "**Trustee**" and together with the SPFPA, the "**Parties**").

## RECITALS

**WHEREAS,** prior to the Petition Date (defined below), SPFPA and certain of its affiliates filed lawsuits against certain of the Putative Defendants (defined below). As of the Effective Date (defined below), the currently pending lawsuits are *First Circuit Court State of Hawaii, Case No. 1CCV-24-0000593* and *Eastern District of Michigan, Case No. 19-cv-10743* (collectively, the "**SPFPA Litigation Actions**").

**WHEREAS,** on July 9, 2024 (the "**Petition Date**"), Law Enforcement Officers Security Union (the "**Debtor**") commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**").

**WHEREAS**, on December 31, 2024, SPFPA and certain of its affiliates filed proofs of claims [Claim Nos. 1, 2, and 3] (the "**Proofs of Claims**"). The bar date to file claims passed on January 2, 2025. No other proofs of claim have been timely filed.

**WHEREAS,** on or about the Petition Date, the Trustee was appointed to serve as the trustee for the estate of the Debtor (the "**Estate**"), and since the time the 341 meeting was held and concluded on February 19, 2025, the Trustee has been serving as the permanent trustee in this case.

**WHEREAS**, on October 7, 2025, the Trustee filed the *Motion to Approve Settlement* [Docket No. 92] (the "**9019 Motion**") seeking Bankruptcy Court approval of a settlement between the Trustee, on one hand, and the Debtor, the Law Enforcement Officers Security & Police Benevolent Association LEOS-PBA, and the United Federation LEO-PBA, on the other hand.

**WHEREAS**, on October 28, 2025, SPFPA filed *The SPFPA's Objection to the Motion to Approve Settlement* [Docket No. 99] (the "**9019 Objection**") in response to the 9019 Motion.

**WHEREAS,** SPFPA desires to purchase from Trustee and Trustee desires to sell to SPFPA, upon the terms and conditions hereinafter set forth, various of the Estate's potential bankruptcy claims, rights of action, suits, and proceedings including those arising under 11 U.S.C. §§ 544-551 (including, without limitation, turnover, avoidance, recovery, and preservation remedies) as well as equitable, state and Federal common law theories or remedies (including but not limited to claims of alter ego, veil piercing, and substantive consolidation) (collectively, the "**Causes of Action**") against certain parties including but not limited to the following: Law Enforcement Officers Security Unions (LEOSU), Law Enforcement Officers Security &, Police Benevolent Association LEOS-PBA, United Federation LEOS-PBA, LEOS-PBA, PROA, NUSPO, UFSPSO, United Federation K9 Handlers, LEOSU-DC, LEOSU-VA, FPSOA, NUNSO, LEOSU-CA, SPSOA, PSONU, LEOSPU, United Federation LEOS-PBA Hawaii, Guam, Saipan, and American Samoa, Jean-Giles Brikener, Brik Unlimited LLC, Calvin Wells, Robert Sottilare, Steve Maritas and Thomas Ahrens, and all of their successors, operating units,

assigns, affiliates, parents, subsidiaries, related entities and all of their respective past and/or present employees, supervisors, members, managers, shareholders, officers, directors, agents, officials, insurers, attorneys, and/or any person or entity which can or could be held jointly and/or severally liable with any of them (the "**Putative Defendants**") on the terms and subject to the conditions of this Agreement.

**WHEREAS,** the Estate currently has insufficient funds with which to administer the Estate, let alone pursue the Causes of Action referenced hereinabove.

**WHEREAS,** the Bankruptcy Court has not approved of the 9019 Motion as of the Effective Date (as defined below).

**WHEREAS,** after arm's length negotiation, the Parties have reached an agreement to transfer and assign the Causes of Action on the terms and conditions set forth herein;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

1. **Purchase Price**. The Trustee shall sell and transfer the Causes of Action to SPFPA, and SPFPA shall purchase the Causes of Action from the Trustee free and clear of all liens and encumbrances and on the terms and conditions set forth in this Agreement. The purchase price ("**Purchase Price**") to be paid by SPFPA to Trustee for the Causes of Action shall be One Hundred Forty-Five Thousand and 00/100 Dollars ($145,000.00) as a cash payment. The Purchase Price shall be paid to the Trustee within ten (10) days after the entry of a final Order approving this Agreement.

2. **Earnest Money Deposit**. An earnest money deposit of $5,000.00 by cashier's or certified check (made payable to the Trustee and to be held by Trustee's counsel pending further Bankruptcy Court order) is required and must be submitted to the Trustee no later than five (5) days prior to the hearing to consider the Order.

3. **The Causes of Action**. The Trustee, on behalf of the Estate, agrees to sell, transfer, and convey to SPFPA, free and clear of all liens, claims and interests, all right, title and interest of the Debtor, the Trustee, and/or the Estate in and to (i) the Causes of Action; (ii) all books, records and all other documents of the Debtor, in whatever format and wherever located; and (iii) all work product, forensic and other expert reports and all other documents in the possession of Trustee and his counsel related to the Debtor. For the avoidance of doubt, the Causes of Action include, without limitation, all rights, claims, demands, actions, causes of actions, and/or claims for relief including those under Chapter 5 of the Bankruptcy Code that may be asserted by the Trustee, the Estate, or LEOSU, with the exception of any cash held by the Trustee.

4. **Books and Records; Attorney-Client Privilege**. To the extent that attorney-client or other applicable privilege attach to any of the Property, such privileges belong to the Trustee, and the Trustee hereby expressly waives such privileges. The Trustee may retain originals or copies of any books and records to the extent the Trustee determines they are necessary to complete the administration of the Estate. SPFPA shall remove the acquired assets to the extent applicable within 30 days of entry of the Order (defined below).

5. **Access and Cooperation**. SPFPA shall be permitted (but not required) to bring the Causes of Action in the Bankruptcy Court and is deemed to have standing to bring such claims in the Bankruptcy Court, it being understood and agreed that the Causes of Action will be pursued on behalf

of the Estate and any net recoveries will be property of the Estate to be distributed in accordance with the priorities established in the Bankruptcy Code. SPFPA shall initially bear all of its own costs and expenses associated with doing so. In the event that SPFPA successfully obtains a recovery, SPFPA and its counsel, Varnum LLP, may, but it not required to, request Bankruptcy Court approval for the reimbursement of actual, necessary expenses and reasonable compensation for professional services incurred securing the Estate's recovery as administrative expenses pursuant to section 503(b) of the Bankruptcy Code. With regard to any proceedings related to the Causes of Action in the Bankruptcy Court:

a. Any and all net proceeds, if any, whether by verdict, judgement, settlement, or other compromise, are property of the Estate and shall be promptly remitted to the Trustee for Estate administration in accordance with the Bankruptcy Code; and

b. Any proposed settlement or compromise, whether in whole or in part, shall be submitted to the Bankruptcy Court for prior approval in accordance with Federal Rule of Bankruptcy Procedure 9019.

6. **No Prejudice**. Nothing stated herein shall be deemed to prejudice the rights of SPFPA and certain of its affiliates in the SPFPA Litigation Actions in any way.

7. **Representations and Warranties**. The assignments, sales, transfers, and conveyances hereunder are on an "as is where is" basis, and the Trustee makes no representation or warranty of any kind with respect to the Causes of Action or the existence or quality of any books and records or otherwise.

8. **Proofs of Claims**. Trustee acknowledges the validity of, and agrees to not object to, the Proofs of Claims.

9. **Interim Distribution**. Upon payment of the Purchase Price, Trustee shall promptly file a motion with the Court for approval of an interim distribution pursuant to 11 U.S.C. § 726 and Fed. R. Bankr. P. 3009.

10. **Admissibility**. Parties acknowledge that the consideration referred to and other terms of this Agreement do not constitute an admission or concession of liability or of any fact.

11. **Authority**. Each person signing this Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to bind his or her respective client or Party to the terms and conditions of this Agreement.

12. **Expenses**. Each Party agree to be responsible for and to bear its/his/her own costs, expenses, and attorneys fees incurred in connection with the negotiation of and entering into this Agreement and not to seek from each other reimbursement of any such costs and expenses or attorney's fees (it being understood SPFPA may, as set forth above, file a 503(c) claim for the fees, costs, and expenses of pursuing the Causes of Action).

13. **Full Opportunity**. Each Party represents and warrants that such Party has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel of its/his/her choosing with respect to this Agreement and all matters covered by it.

14. **Applicable Law**. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Pennsylvania.

15. **Entire Agreement**. This Agreement contains the entire agreement between the Parties relating to the transactions contemplated hereby and all prior or contemporaneous agreements, whether oral or written, are superseded hereby.

16. **11 U.S.C. Section 363**. This Agreement shall be submitted to the Bankruptcy Court by the Trustee through a motion to sell property of the estate pursuant to 11 U.S.C. Section 363(b) and (f) (the "**Motion**"). The Parties agree to reasonably cooperate to seek entry of an order attached to the Motion approving the Motion and this Agreement (the "**Order**").

**(SIGNATURE PAGE FOLLOWS)**

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the Effective Date.

**The International Union, Security, Police and Fire Professionals of America**

______________________________
By:
Its:
Date:

**Eric E. Bononi, Chapter 7 Trustee of Law Enforcement Officers Security Union and Steve Maritas**

______________________________

Date: