IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Law Enforcement Officers Security Union,<br>Debtor(s)<br><br>Eric E. Bononi, Trustee,<br>Movant<br>v.<br>Law Enforcement Officers Security Union and International Union, Security, Police and Fire Professionals of America ,<br>Respondent(s) | Bankruptcy No. 24-70277-JAD<br><br>Chapter 7 |

**ORDER OF COURT**

AND NOW, this _______ day of _____________________, 20_____, on consideration of the Trustee's ***Motion to Sell Property Free and Divested of Liens and Encumbrances***; (the, "Motion") the Court finds:

(1) That sufficient general notice of the Motion, hearing and sale, was given to the creditors and parties in interest by the Trustee as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

(2) That said sale hearing was duly advertised on the Court's EASI website pursuant to W. PA LBR 6004-1(c)(2) on January 23, 2026.

(3) The said sale hearing was duly advertised in the Indiana Gazette on ________________.

(4) The said sale hearing was duly advertised in the Indiana Law Journal on _______________________.

(5) That at the sale hearing the highest/best offer received was that of International Union, Security, Police and Fire Professionals of America ("Purchaser" or "SPFPA") and no objections to the sale were made which were not overruled and would result in cancellation of said sale.

(6) That the price of $145,000.00 offered by International Union, Security, Police and Fire Professionals of America, was a full and fair price for the property in question.

(7) That the Purchaser has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED** that the sale of the Property is hereby **CONFIRMED** to International Union, Security, Police and Fire Professionals of America for $145,000.00, free and divested of the above recited liens and claims, and, that the Trustee is authorized, on behalf

of the Estate, to sell assign, transfer, and convey to the Purchaser, free and clear of all liens, claims and interests, all right, title and interest of the Debtor, the Trustee, and/or the Estate in and to the Property and to make, execute and deliver to the Purchaser the necessary documents required to transfer Property upon compliance with the terms of sale as set forth in the Purchase agreement (as defined in the Motion);

It is ***FURTHER ORDERED***, that any liens and claims against the Property, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the Property, that the within decreed sale shall be free, clear and divested of said liens and claims.

It is ***FURTHER ORDERED*** that to the extent that attorney-client or other applicable privilege attaches to any of the conveyed Property, the Trustee has expressly waived such privileges prior to the Sale and such privileges do not in any way attach to any of the Property.

It is ***FURTHER ORFDERED***, SPFPA shall be permitted, but is not required, to bring the Causes of Action in the Bankruptcy Court and has standing to bring such claims in the Bankruptcy Court. Any litigation shall be filed in the name of "International Union, Security, Police and Fire Professionals of America as Assignee of Eric E. Bononi, Chapter 7 Trustee of the Estate of Law Enforcement Officers Security Union". SPFPA shall bear all of its own costs and expenses associated with any such litigation. In the event that SPFPA successfully obtains a recovery, SPFPA and its counsel, Varnum LLP, may, but are not required to, request Bankruptcy Court approval for the reimbursement of actual, necessary expenses and reasonable compensation for professional services incurred securing the Estate's recovery as administrative expenses pursuant to section 503(b) of the Bankruptcy Code.

It is ***FURTHER ORFDERED*** with regard to any proceedings related to the Causes of Action in the Bankruptcy Court:

a. Any and all net proceeds, if any, whether by verdict, judgement, settlement, or other compromise, are property of the Estate and shall be promptly remitted to the Trustee for Estate administration in accordance with the Bankruptcy Code; and

b. Any proposed settlement or compromise, whether in whole or in part, shall be submitted to the Bankruptcy Court for prior approval in accordance with Federal Rule of Bankruptcy Procedure 9019.

It is ***FURTHER ORDERED*** that nothing stated herein shall be deemed to prejudice the rights of SPFPA and certain of its affiliates in the pending SPFPA litigation actions (*i.e. First Circuit Court State of Hawaii*, Case No. 1CCV-24-0000593 and *Eastern District of Michigan*, Case No. 19-cv-10743) in any way.

It is ***FURTHER ORDERED*** that:

(1) ***Within seven (7) days of the date of this Order***, the Trustee shall serve a copy of the within Order on all creditors and parties in interest and their attorney of record, if any, upon any attorney or party who answered the Motion or appeared at the hearing, the attorney for the Debtor, the Purchaser, and the attorney for the Purchaser, and file a certificate of service;

(2) ***Closing shall occur within thirty (30) days of this Order***; and

(3) ***Within seven (7) days following closing***, the Trustee shall file a ***Report of Sale***.

BY THE COURT:

____________________________________
JEFFERY A. DELLER
UNITED STATES BANKRUPTCY JUDGE